IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE M. DURHAM, HN-4374, )
    Petitioner, )
     )
    v. ) 2:11-cv-719
     )
DAVID A. VARANO, et al., )
    Respondents. )

MEMORANDUM and ORDER

    Presently before the Court for disposition is a second pro se Rule 60(b) motion filed by the petitioner (ECF No.90). For the reasons set forth below, the motion will be dismissed as a successive petition filed without leave from the Court of Appeals, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Durham originally filed a petition for a writ of habeas corpus on June 2, 2011 (ECF No. 2). He simultaneously moved for his petition to be held in abeyance so that he could exhaust his state court remedies. On March 9, 2015 he moved to reopen the proceedings and on March 12, 2015 he submitted an amended 112 page petition (ECF No.47). On August 24, 2015 we filed a Memorandum and Order dismissing the petition on its merits and denying a certificate of appealability (ECF No.73). On May 5, 2016 the Court of Appeals denied a certificate of appealability (ECF No.82).

    On June 27, 2016 Durham filed his first Rule 60(b) motion (ECF No.83). The latter was denied on July 5, 2016 as a successive petition. The present second Rule 60(b) motion was filed on July 15, 2016.

    Durham is presently serving a life sentence imposed following his conviction by a jury of first degree murder at No. 1860 of 2007 in the Court of Common of Beaver County, Pennsylvania. This sentence was imposed on March 14, 2008.[1]

    An appeal was filed in the Superior Court in which the issues presented were:

    I.    Did the trial court err in denying Appellant's request for a jury charge on voluntary manslaughter?

---

[1] See: Petition at ¶¶ 1-6.

II. Did the trial court's reference to Appellant as a "criminal" in the presence of the jury, warrant a new trial?
III. Did the Commonwealth make inappropriate remarks to the jury tainting the jury's judgment as to Appellant's burden of proof?
IV. Was Appellant denied the opportunity to fully cross-examine a witness, Crystal Brown?
V. Was the evidence sufficient to support Appellant's conviction for murder in the first degree?
VI. Was the verdict against the weight of the evidence presented at trial?[2]

On April 21, 2010, the judgment of sentence was affirmed.[3]

Durham filed a post-conviction petition on September 7, 2010 which was supplemented by counsel. Following a hearing the petition was dismissed on January 14, 2013.[4] An appeal was filed in which the issues presented were:

I. Whether prior legal trial counsel was ineffective in all aspects related to an alibi defense, i.e., in failing to properly prepare for, effectively argue in closing, and simply request an instruction on an alibi defense?
II. Whether prior legal trial counsel was ineffective in failing to properly correct or otherwise impeach the false trial testimony of Irwin Smith regarding his claimed first observance of defendant on the day of the decedent's death?
III. Whether prior legal trial counsel was ineffective in failing to properly protect defendant from improper cross-examination by forcing him to comment on the veracity of every other witness in the case?
IV. Whether prior legal trial counsel was ineffective in failing to object to and request a curative instruction on improper victim impact evidence?
V. Whether prior legal trial counsel was ineffective in failing to request the trial court to properly and adequately charge the jury and/or failing to object to the trial court improperly and inadequately charging the jury regarding several topics?
VI. Whether prior legal counsel was ineffective in failing to challenge the jury being permitted to be in possession of … all expert reports admitted into evidence during deliberations?
VII. Whether prior legal trial counsel was ineffective in failing to request a mistrial and new jury pool and/or object to the inadequacy of the curative instruction after the court referred to defendant as a criminal?
VIII. Whether the individual and cumulative prejudice caused by the ineffective (in)actions of prior legal trial counsel compromised the fairness and integrity of the trial warranting a new trial?[5]

---

[2] See: ECF No.68 at pp.12-13.
[3] See: ECF No.68 at p.1.
[4] See: ECF No.69 at p.7.
[5] Id. at pp.7-8 (citing to petitioner's brief on appeal).

On May 9, 2014 the denial of post-conviction relief was affirmed,[6] and allowance of appeal was denied on January 21, 2015.[7]

The original habeas petition was filed in this Court on June 2, 2011. Petitioner then requested that proceedings be stayed pending exhaustion of his state court remedies (ECF No. 3). At petitioner's request the proceedings were reopened on March 11, 2015, and on March 12, 2015 Durham filed an amended petition (ECF 47). Finally, on June 30, 2015, an answer was filed (ECF No.59).[8] The amended petition[9] contains twenty alleged grounds for relief, however, on July 27, 2015 Durham graciously moved to withdraw grounds fourteen, fifteen, sixteen, seventeen and eighteen "because Petitioner does not want to waste this Court's and the Superior Court's time with issues that after further review have no real substance."[10] On August 17, 2015 Durham filed a traverse consisting of 82 pages plus attached exhibits (ECF No.71).

Thus, the remaining issues were:

1. A violation of petitioner's right to due process and equal protection against double jeopardy arising out of the seizure of his car.
2. Improper jury instructions.
3. Ineffective assistance of counsel for failing to request an instruction on the alibi defense.
4. Same issue.
5. Ineffective assistance of trial counsel for failing to impeach the "perjured" testimony of Commonwealth witness Irwin Smith.
6. Ineffective assistance of trial counsel to properly prepare an alibi defense.
7. Ineffective assistance of trial counsel in permitting the petitioner to be extensively cross-examined about the credibility of Commonwealth witnesses.
8. Ineffective assistance of counsel for failing to request jury instructions on confession or admissions, evidence of other offenses, alibi evidence, absence of motive, consciousness of guilt resulting from petitioner's cooperation with the police, witnesses use of drugs and/or alcohol and the number of witnesses.
9. Ineffective assistance of trial counsel for failing to object to permitting the jury to review the experts' evidence exhibits during deliberation.

---

[6] Id. at p.1.
[7] See: https://ujsportal.pacourts.us at Beaver County Criminal Docket CP-04-CR-1860-2007 at p.30.
[8] The respondent is reminded that there are very specific requirements for an answer set forth in 28 U.S.C. §2254. In addition, the respondent is reminded that any matter which is deemed necessary for consideration by the Court must be made a part of the official record and not left for the Court to discover. We take issue with the fact that the response does not in any way assist the Court; is totally devoid of any record supports for the positions taken and is equally lacking is case law support for the arguments made. Where, as here, the petition is essentially unintelligible due to its rambling and disconnected nature, and the response does not provide any assistance to the Court, the entire burden of reviewing the petition falls on the Court without any assistance from the parties.
[9] The instant amended petition is112 pages long, and as observed by the Superior Court in its April 21, 2010 Memorandum (ECF No.68 at p.1), "this appeal is affected by the complex procedural history, to which Appellant's *pro se* filing have contributed undue confusion."
[10] See: ECF No.65. The request was granted on August 6, 2015 (ECF No.66).

10. Ineffective assistance of counsel for permitting Commonwealth witness Irwin Smith to testify about his first encounter with the petitioner on the day of the crime.
11. Ineffective assistance of counsel for failing to object or move for a mistrial when Commonwealth witness Crystal Brown continued in her presentation of unsolicited prejudicial testimony.
12. Ineffective assistance of trial counsel for failing to object to the court's description of petitioner as a "criminal defendant" to the original jury pool.
13. Ineffective assistance of trial counsel resulting from his failure to object to the jury instruction on flight permitting a consideration of consciousness of guilt when there was no evidence indicating flight…
19. Ineffective assistance of counsel for failing to object to victim impact testimony.
20. Cumulative effect of the ineffective assistance of counsel.

The background to this prosecution is set forth in the Superior Court's May 9, 2014 Memorandum (ECF No.69 pp.1-3):

> Appellant was charged with the murder of his then girlfriend, Mary Ann Brown. Appellant pled not guilty and was tried in a jury trial.
>
> [The following facts were adduced at trial.] On the afternoon of August 17, 2007, the victim, Mary Ann Brown, Mr. Irwin Smith, and Mr. James Little John were building a swimming pool deck at a home on Second Avenue in Aliquippa, Pennsylvania. Later in the evening, Mr. Smith returned to the job site to clean up and then proceeded to a nearby friend's house on First Avenue, where he sat on the outdoor step. While seated on the step, Mr. Smith heard Appellant and the victim arguing behind a row of hedges and outside of Mr. Smith's view. He testified that he heard the victim say "Why did you stab me? You stabbed me," and saw Appellant's car drive away shortly thereafter. The following day the victim's body, containing multiple stab wounds, was discovered on First Avenue. Police officers apprehended Appellant on August 18, 2007 and charged him with criminal homicide.
>
> At trial, Wanita Hooks testified that on August 17, 2007, Appellant informed her that he was looking for the victim, that he was angry with her, and that he was going to hurt her when he found her. Later that day, Ms. Hooks encountered the victim and warned her of Appellant's threats. She testified that later that night she encountered Appellant again, at a friend's house, and that Appellant's hand was injured and bleeding.
>
> On August 19, 2007, police officers found Appellant's car in a parking lot outside the Outkast bar, with blood on the door. The police officers also found a knife in close proximity to the vehicle and bloody clothes in a nearby dumpster.

Annette West, an employee at the Outkast bar, testified that on the evening of August 17, 2007, Appellant entered the bar wearing a shirt covered in blood and socks, but no shoes or pants, and ordered a drink. She testified that his hand was bleeding, that he told her that he had been "jumped," and requested that she call his brother. When his brother arrived, Ms. West went outside and observed a pair of jeans and tennis shoes beside Appellant's car.

Another witness, Roseann Johnson, testified that on the morning of August 18, 2017, she encountered Appellant at a friend's house and that his hand was bleeding. When she asked Appellant what happened, he stated, "I think I killed her," referring to Mary Ann Brown.

Dr. James Smith, a forensic pathologist who conducted an autopsy on the victim, testified that the victim sustained a total of nineteen stab wounds, seven on her chest, some [of] which pierced her lungs and exited from her back, as well as stab wounds to her arm, face, and thighs. Mr. Timothy Gavel, a forensic scientist additionally testified that the victim's shirt and a bloodstain on the street near the body contained Appellant's DNA.

Appellant testified on his own behalf, and asserted that he was not the perpetrator. He stated that prior to the victim's death he had decided to end his relationship with her, and packed up her belongings and placed them in his car. On August 17, 2007, he encountered the victim on the street and stopped his car to inform her that he had her clothes. She requested that he take her clothes to her daughter's house nearby. But he refused and the victim became upset and walked away from him. He followed her in his car for some distance, then exited his vehicle and attempted to remove her bag of clothes from the car whereupon the victim cut him on his hand. He pushed her, reentered his vehicle, and drove away. He testified that he did not kill Mary Ann Brown.

On March 14, 2008 the jury impaneled in this case returned its verdict, finding Appellant guilty of Murder in the First Degree. On April 23, 2008, the trial court imposed sentence, as required by law…

Following the dismissal of his habeas petition, on June 27, 2016 Durham filed his first Rule 60(b) motion for relief from the earlier judgment in this case..

In that motion Durham contended that fraud and mistake were injected in his original petition and as a result he is entitled to relief. Specifically, he alleges:

1. Did Magistrate Judge Robert C. Mitchell, inject fraud or misrepresentation of the facts in his Opinion denying petitioner's habeas corpus petition, without the benefit of the State Court Record (Trial Transcripts and PCRA Hearing transcripts) concerning his recitation of facts concerning petitioner's alibi argument, and other issues, which influenced petitioner's appella[te] counsel in his alibi argument in petitioner's application for [a] certificate of appealability in

5

the Third Circuit Court of Appeals within the meaning of Fed. R. Civ. Pro. 60(b) § (3) and (6)?

2. Did petitioner's appellate counsel, Mark Rubenstein, commit mistake, inadver[t]ence, surprise or excusable neglect in his alibi argument to the Third Circuit Court of Appeals in arguing that petitioner's trial counsel, Attorney Stephen D. Colafella, failed to pursue an alibi defense when petitioner had always argued in his pleadings in state and federal courts that trial counsel <u>did not</u> forgo the alibi defense and that in fact trial counsel did pursue the alibi defense during the trial but provided ineffective assistance of counsel in his arguments at petitioner's trial, within the meaning of Fed.R.Civ.Pro 60(b) (1) and (6)?

Those contentions were rejected on July 5, 2016 as an attempt to file a second or successive habeas petition.

Petitioner has now submitted a second Rule 60(b) petition in which he contends:

Did Magistrate Judge Robert C. Mitchell, inject fraud or misrepresentation when he cited State Court Records in a habeas proceeding without having the records in his possession during said proceedings, denying petitioner fundamental due process? (ECF No.90, p.2).

In <u>United States v. Doe</u>, 810 F.3d 132, 152 (3d Cir. 2015), the Court observed that petitioner's diligence is an "important factor" in differentiating a true 60(b) motion from a successive habeas petition. In addition, to warrant relief from a judgment under Rule 60(b)(6), "extraordinary circumstances" must be demonstrated. <u>Gonzalez v. Crosby</u>, 545 U.S. 526, 535 (2005). Finally, the Court in <u>Gonzalez</u> held "that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." Id. at 538. Here, petitioner seeks to raise an issue previously addressed in the direct appeal when the Court of Appeals requested the state court records for its review (ECF No.80) and found that they provided no support for the original application for habeas corpus relief.

> Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence.
> ***
> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2).

<u>Gonzalez</u>, 545 U.S. at pp, 529, 531. No such showing is made here.

Clearly the instant motion is an attempt to avoid the prohibitions on successive petitions; raises an issue that has been previously addressed and is not a proper Rule 60(b) motion. For this reason, the motion will be denied and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

Filed: August 5th, 2016                                    s/ Robert C. Mitchell
                                                                United States Magistrate Judge